■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAFAEL MENDOZA, Appellant.— Judgment of the Supreme Court, Queens County, rendered November 3, 1972, reversed on the law and indictment dismissed. The guilt of defendant was not established beyond a reasonable doubt. Hopkins, Acting P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEVE MENNA, Appellant.— Judgment of the Supreme Court, Kings County, rendered April 11, 1972, affirmed. (See People v. La Ruffa, 40 A D 2d 1022, affd. 34 N Y 2d 242, rearg. den. 34 N Y 2d 916.) Shapiro, Acting P. J., Cohalan, Brennan, Benjamin, and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH MONTY, Appellant.— Judgment of the Extraordinary Special and Trial Term, Supreme Court, Queens County, rendered March 18, 1974, affirmed. During the course of the trial, the trial court repeatedly, and quite properly, reminded the jury of its duty not to discuss the case or read anything about it. On the fourth day of trial, defense counsel pointed to two small clippings in the Long Island Press reporting on the trial, and requested the court to poll the jury again to see if anyone had read either article. The Assistant Special Prosecutor contended that the two articles contained only a brief summary of the court testimony and could not prejudice defendant. Defense counsel persisted in asking for a poll of the jury. The court consented to defense counsel's request but insisted, over objection, that he would tell the jury that it was being polled at his request. The court thereafter so informed the jury. If the defendant was not entitled to have the jury polled, the court should have denied his request. If he was entitled to have the jury polled the court should not have placed any possible onus for the request on the defense. However, in the entire setting of this case we deem the error harmless (CPL 470.05, subd. 1). The case is remitted to the Extraordinary Special and Trial Term, Supreme Court, Queens County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Hopkins, Acting P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. HAROLD O'NEILL, Respondent.— Appeal by the People from a trial order of the County Court, Westchester County, misdescribed in the notice of appeal as dated May 7, 1972, which dismissed the second count of the indictment. Appeal dismissed. No such order is printed in the record, and no appeal lies from a decision. Moreover, the People may appeal as of right from a trial order of dismissal only if it has been entered pursuant to CPL 290.10 or 360.40 (cf. CPL 450.20, subd. 2). Here the jury was unable to agree upon a verdict, and the court dismissed it pursuant to CPL 310.60, which provides that upon retrial in such case the indictment is deemed to contain all the counts which it contained at the time the previous trial was commenced, regardless of whether any count was dismissed by the court in the course of such trial. This renders academic the question of whether the trial court did or did not err in dismissing the second count of the indictment during the trial herein. If we were not dismissing the appeal for the reasons indicated, we would dismiss it as academic. Cohalan, Brennan, Benjamin and Munder, JJ., concur; Shapiro, Acting P. J., concurs in result.